Nailer v. Young.

B. F. NAILER v. J. S. YOUNG et al.

1. **LIEN.** *Retained in face of note. When void and fraudulent.* A lien on a stock of goods retained on the face of the note given for the purchase money would be fraudulent and void, if the goods were sold to be retailed by the vendee for his own benefit, and were so disposed of, and the same consequences would follow the failure to register such a lien, as against subsequent purchasers and creditors, as in the case of a formal mortgage.

2. **TRUST DEED.** *Acceptance by trustee.* The acceptance by the trustee of a general assignment for the benefit of creditors, before the filing of a bill attacking the validity of the assignment, would enure to the benefit of such of the secured creditors as might within a reasonable time come in under the assignment, and give them a prior right over the attacking creditor, whose bill was filed in advance of their formal acceptance.

3. **SAME.** *Presumption of acceptance.* The presumption of the acceptance by the beneficiaries of a trust assignment in their favor, which the law implies when the conveyance is made with the formalities necessary to pass the title to the property, or perfect the trust, would perhaps be equally effective, and certainly if supplemented by actual acceptance in a reasonable time.

4. **CHANCERY PLEADINGS AND PRACTICE.** *Bill to set aside fraudulent conveyance. Attachment. Answer.* Upon a bill filed by a creditor under the Code, sec. 4288, to set aside a fraudulent conveyance made by his debtor, the jurisdiction of the court does not depend upon the attachment of the property, and the averment of fraud may be denied by answer.

FROM MONROE.

Appeal from the Chancery Court at Madisonville. W. M. BRADFORD, Ch.

T. E. McCROSKEY and R. R. ROBINSON for complainant.

ROBT. PRITCHARD and W. B. STEPHENS for defendants.

COOPER, J., delivered the opinion of the court.

The defendant Young, a retail merchant, on May 31, 1879, made a general assignment of his stock in trade to the defendant Carson, in trust for the benefit of his creditors equally. The deed was acknowledged and noted for registration on the same day. Two days thereafter, the trustee accepted the trust, and qualified according to law. On the next day, June 3, this bill was filed by Nailer, as a creditor of Young, attacking the deed as fraudulent in fact, claiming a prior lien on a part of the stock assigned, and alleging that the creditors intended to be secured had not accepted the benefits of the trust. Upon final hearing, the chancellor dismissed the bill, and the complainant appealed.

The proof does not establish fraud in fact, and the bill fails on that ground.

The prior lien relied on is based upon the recitals of a note executed by Young to Nailer for the purchase price of a part of the stock assigned. The note contains this clause: " A lien is retained on said stock or stocks of goods at Crowder's mill until the purchase money is paid." If it be conceded that the goods, on which the lien is retained, are sufficiently identified, the proof shows that the goods constituting the stock or stocks were sold to Young for the express purpose of being disposed of by him by retail in his business for his own benefit, and were being so disposed of by him. The lien reserved was, therefore, amenable to the same objection as if embodied in a formal

mortgage, and would be fraudulent and void: *Tenn. Nat. Bank* v. *Ebbert*, 9 Heis., 153. And the note never having been registered, the beneficiaries under the general assignment, which was registered, probably acquired, by such registration, the prior right to satisfaction: *Simpkinson* v. *McGee*, 4 Lea, 432.[1]

It is next insisted that the complainant acquired a prior lien on the goods by filing his bill before the creditors under the trust assignment had actually accepted its benefits: *Mills* v. *Haines*, 3 Head, 332. But the acceptance of the trustee was made before the complainant filed his bill, and this acceptance would operate in favor of all of the secured creditors who, within a reasonable time, claimed its benefit. And the presumption of acceptance of the beneficiaries, which the law implies where a conveyance is made for their benefit with all the formalities necessary to pass the title to the property conveyed, or perfect the trust, would, perhaps, be equally efficacious against third persons if supplemented by an actual acceptance in a reasonable time, and even, it may be, without a formal acceptance in the absence of a positive repudiation of the instrument: *Tompkins* v. *Bamberger*, 3 Lea, 576, 583. The complainant could acquire no right by the filing of his bill within the reasonable time allowed for the acceptance of the trust. The record shows an acceptance of the benefits of the trust by the defending creditors within a reasonable time.

The defendant Young filed a plea to the bill denying the charge of fraudulent intent in making the assignment, which was, on motion, stricken from the

files because not properly verified, with leave to the defendant to rely upon the matter of his plea in his answer. Young again filed a plea to the same effect, accompanied with a full answer to the bill. It is now contended that the defense went to the jurisdiction of the court, and could only be made by demurrer, plea, or motion to dismiss, and not by answer. But without considering the effect of the leave granted by the court to rely upon the matter by answer, it is sufficient to say that it is only where the objection is to the jurisdiction of the court that the Code requires it to be made by demurrer, plea, or motion to dismiss. All other defenses may be incorporated in the answer: Code, secs. 4318, 4319, 4321. This bill is filed under the Code, sec. 4288, which allows a creditor to come into equity for the purpose of setting aside a fraudulent conveyance of property by his debtor, without first obtaining a judgment at law. In such a case, the jurisdiction of the court does not depend upon the attachment, which need not be resorted to except to impound the property: *August* v. *Seeskind,* 6 Cold., 172; *Tarbox* v. *Tender,* 1 Tenn. Ch., 163.

Affirm the decree of the chancellor with costs.